## COOK v. WILLIAMS.

(Supreme Court, Appellate Term. January 7, 1904.)

1. SALES—ACTION FOR PRICE—PERSONS LIABLE—CORPORATIONS—OFFICERS.

Where, in an action for goods sold, defendant sought to avoid liability on the ground that he made the purchases for a corporation of which he was president, but there was no evidence that plaintiff was aware of the existence of the corporation at the time he sold the goods, and payments made by defendant to apply on such purchases were made by him personally, either in cash or checks of parties other than the corporation, defendant was personally liable for the goods.

2. SAME—EVIDENCE.

Where the president of a corporation purchased goods from plaintiff without disclosing that the purchases were made for the corporation, of which plaintiff had no knowledge, the corporation's cashbook and ledger, containing entries of what purported to be an account of cash paid to plaintiff and sundries credited to him, was inadmissible in an action for the price, as bearing on the issue as to the purchaser of the goods.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Richard D. Cook against Max Williams. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

E. M. Wight, for appellant.

J. Eisner, for respondent.

FREEDMAN, P. J. In this action it is not disputed that the plaintiff sold to the defendant goods consisting of books, etc., and there remains a balance due the plaintiff of $141.60. The defendant sought to avoid liability upon the ground that at the time the purchases were made by him he was the president of the Max Williams Company, a corporation formed under the laws of New Jersey, and that such purchases were made for that company. There is not the slightest testimony in the record showing that the plaintiff was aware of even the existence of the corporation at the time he sold the goods. He testifies positively that the defendant did not say anything to him about the corporation, or that he (defendant) was president thereof, and the defendant did not testify that he in any way mentioned the name of the corporation of which he was president. He produced the cashbook and ledger of the corporation containing entries of what purports to be an account of cash paid to plaintiff and "sundries" credited to him. Both parties testify that the payments made by defendant to apply upon his purchases were made by him personally, and were either in cash or checks of parties other than the checks of the corporation. The entries in the books therefore had no bearing upon the question at issue. The judgment for the defendant was clearly erroneous, and must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.